# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILFRED J. PRATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CSX TRANSPORTATION COMPANY, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, CSX Transportation, Inc. ("CSXT"), incorrectly named as CSX Transportation Company, by its attorneys, Daley Mohan Groble, P.C., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois (the "Circuit Court") to the United States District Court for the Northern District of Illinois. In support, CSXT states as follows:

## PLAINTIFF'S COMPLAINT

1. Plaintiff commenced this action on August 18, 2022, by filing his Complaint at Law ("Complaint") in the Circuit Court of Cook County, cause number 2022 L 007471. (See Complaint, attached as Exhibit A). No other process, pleadings or orders have been served upon defendants.

2. Plaintiff alleges that on August 26, 2021, he was operating a hostler truck at CSX's 59th Street Terminal, while employed by Pac Rail Services ("PRS"), when a "temporary co-worker," also operating a hostler truck, struck Plaintiff's vehicle. Plaintiff claims that he sustained "severe and permanent injuries" because of the accident.

## BASIS FOR FEDERAL JURISDICTION

**Diversity Of Citizenship**

1

3. This Court has original jurisdiction of this action under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exclusive of interest and costs, exceeds $75,000.00.

4. Removal is timely under 28 U.S.C. §1446(b)(1) because defendants have filed this notice within thirty days of receipt of Plaintiff's complaint. (See CSXT Affidavit of Service, attached as Exhibit B).

5. Plaintiff alleges that he is a resident of the State of Illinois. (See Complaint, ¶3).

6. CSXT is a corporation organized and existing under the laws of the State of Virginia with its principal place of business located in the State of Florida. Pursuant to 28 U.S.C. §1332(c)(1), CSXT is deemed to be a citizen of the State of Virginia and the State of Florida.

7. Accordingly, there is complete diversity of citizen ship between Plaintiff (an Illinois resident) and CSXT (citizen of Virginia and Florida) on the other.

**Amount in Controversy**

8. Plaintiff has not alleged a specific amount in controversy. Plaintiff's prayer for relief requests judgment "in an amount in excess of the minimum amount required for jurisdiction" for the Law Division of the Circuit Court. The minimum jurisdictional amount for the Circuit Court's Law Division is $30,000.[1] Although Plaintiff's Complaint does not plead a specific amount, CSXT states that the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

9. According to Plaintiff's Complaint, he sustained "severe and permanent injuries" and has "incurred and endured and will continue to incur and endure medical bills, lost wages, pain and suffering, disability, loss of a normal life, and disfigurement." (*See e.g.*, Exhibit A, Count

[1] https://www.cookcountycourt.org/Manage/Division-Orders/View-Division-Order/ArticleId/188/GENERAL-ORDER-NO-1-2-2-1-County-Department

I ¶10). Counsel for CSXT is experienced in the defense of serious personal injury lawsuits. Based on that experience, and on the history of verdicts for serious personal injury lawsuits in the geographic area encompassed by this Court, CSXT states that if Plaintiff establishes liability against CSXT Plaintiff would ask for, and a jury would likely return, a verdict in excess of $75,000.00. CSXT further states, on information and belief, that Plaintiff's counsel assesses the value of Plaintiff's claims, and thus the amount in controversy, as greater than $75,000.00.[2]

10. Based on the foregoing, and pursuant to 28 U.S.C. § 1446(c)(2)(B) and <u>Dart Cherokee Basin Operating Company, LLC v. Owens</u>, 135 S. Ct. 547 (2014), defendants state that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**FRAUDULENT JOINDER OF FELA CLAIM**

11. Count I of Plaintiff's Complaint alleges negligence under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. Under the FELA, a plaintiff may bring an action in either state or Federal court as they have concurrent jurisdiction. 45 U.S.C. §56.

12. Typically, a defendant is barred from removing a state court FELA matter to Federal Court. 28 U.S.C. §1445. However, an exception is when a FELA claim has been fraudulently joined to a cause of action. "Plaintiff's allegations must *actually* constitute a FELA claim to take advantage of the statute's deference to forum." *Cullivan v. Kansas City Southern R. Co.*, 2010 WL 378433*2 (S.D. Ill. January 27, 2010) (emphasis in original) citing *Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988). "A claim does not arise under . . . FELA merely because the plaintiff names that statute in his complaint and omits (accidentally or by design) the claim's true source." *Id*. "Neither crafty wording of a complaint nor frivolous

---

[2] https://www.pninjurylaw.com/case-results/

invocation of FELA bars removal." *Bunnell v. Union Pacific Railroad Company*, 2007 WL 4531513*1 (N.D. Ill. December 19, 2007).

13. In conducting an analysis of the fraudulent joinder of a claim, the principals of the fraudulent joinder of a party applies. *See Dagon v. BNSF Railway Company*, 2020 WL 4192348*3 (S.D. Ill. July 21, 2020). To show fraudulent joinder, a defendant must show that there is no possibility that a plaintiff can state a cause of action against a non-diverse defendant, or where there has been fraud in pleading jurisdiction facts. *See Gottlieb v. Westin Hotel Co.*, 990 F. 2d 323, 327 (7th Cir. 1993). "When speaking of jurisdiction, 'fraudulent' is a term of art. Although false allegations of jurisdiction fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim . . . that simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Nass Foods, Inc.*, 959 F. 2d 69, 73 (7th Cir. 1992). "This possibility [of stating a cause of action], however, must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 312 (5th Cir. 2002).

14. A defendant seeking removal may "pierce the pleadings" of a lawsuit to show that assertion of a FELA claim is an invalid attempt to avoid removal. *See*, *e.g.*, *Feichko v. Denver & Rio Grande Western R. Co.*, 213 F. 3d 568, 589 (10th Cir. 2000); *Burchett v. Cargill, Inc.*, 48 F. 3d 173, 175-176 (5th Cir. 1995). Indeed, "[i]t is well-established that the court may, in fact should, consider extrinsic evidence in determining whether plaintiff's FELA claim is legitimate." *Taylor v. Norfolk Southern Railway Company*, 2016 WL 6217106*2 (N.D. Ill. October 25, 2016); *see also Gowdy v. Norfolk Southern Ry. Co.*, 2007 WL 1958592*2 (S.D. Ill. July 2, 2007); *Cullivan*, 2010 WL 378433*3; *Veugeler v. General Motors Corp.*, 1997 WL 160749*2 (N.D. Ill. April 2, 1997) ("[t]he Court is not limited by the allegations of the parties' pleadings but may 'pierce the pleadings' and consider 'summary judgment-type evidence.'").

4

**Plaintiff was not an employee, borrowed servant, dual servant, or subservant of CSXT.**

15. The FELA provides that a railroad is liable for negligently causing the injury or death of any person "while he is employed" by the railroad. *See* 45 U.S.C. §51. In order to establish a cause of action under the FELA, a plaintiff must prove four elements: (1) the defendant is a common carrier by railroad; (2) plaintiff was an employee of said common carrier; (3) plaintiff's injury was sustained while employed by the common carrier; and (4) defendant's negligence was the cause of plaintiff's injury. *Larson v. CSX Transportation, Inc.*, 359 Ill. App. 3d 830, 834 (1st Dist. 2005).

16. Plaintiff admits that he was not employed by the common carrier – *i.e.*, CSXT. However, under limited circumstances, a plaintiff may be nominally employed by a non-common carrier and still be considered an "employee" of the railroad and may recover against it. In such limited circumstances, to sustain a FELA claim, the purported employee must establish that he: (1) is serving as the borrowed servant of the railroad at the time of injury; (2) works for two employers, one being the railroad, simultaneously at the time of injury; or (3) is a sub-servant of a company that was in turn a servant of the railroad. *Kelley v. S. Pac. Co.*, 419 U.S. 318, 324 (1974).

17. To establish employee status as the railroad's borrowed or dual servant, the plaintiff must show that the railroad had a significant supervisory role over the means and manner of the plaintiff's performance of his work. *Larson*, 359 Ill. App. 3d at 835; *Ancelet v. National R.R. Passenger Corp.*, 913 F. Supp. 968, 971 (E.D. La. 1995). To establish employee status as a "subservant" of the railroad, the plaintiff must demonstrate that his nominal employer (in this case PRS) was a servant of the railroad and that the railroad had the right to control the physical conduct of the employer in the performance of the services. *Larson*, 359 Ill. App. 3d at 838; *Dominics v. Illinois Central R.R. Co.*, 934 F. Supp. 223, 226 (S.D. Miss. 1996). The best indicator as to the

right to control would be the agreement or contract. *See O'Gorman v. F.H. Paschen, S. M. Nielsen, Inc.*, 2015 IL App (1st) 133472, ¶94, 29 N.E. 3d 1150, 1165 ("The best indicator of whether a contractor has retained control over the subcontractor's work is the parties' contract, if one exists.").

18. Plaintiff's FELA claim has no chance of success because Plaintiff was not a borrowed, dual or subservant of a common carrier railroad. Plaintiff's Complaint repeatedly refers to "CSX." However, PRS did not have any agreement or contract with CSXT covering the services at the 59th Street Terminal. The services that PRS (and thereby Plaintiff) performed at the 59th Street Terminal were pursuant to a Terminal Services Agreement, between PRS and CSX Intermodal Terminals, Inc. ("CSXIT"). (*See* CSXIT and PRS Terminal Services Agreement, attached as Exhibit C). CSXT and CSXIT are two separate and independent entities.

19. Whether intentional or not, throughout his Complaint Plaintiff conflates CSXT and CSXIT. Their distinction is important because CSXIT is *not* a common carrier under the FELA. *See Dixon v. CSX Intermodal Terminals, Inc.*, 334 Ga. App. 335, 336 (2015) (holding that CSXIT is not a common carrier by railroad, as required for FELA liability.). CSXIT does not operate locomotives or rail transportation in its daily business. (*See* Affidavit of Richard Shephard, attached as Exhibit D, ¶¶ 10-13). CSXIT does not own locomotives or rail cars. (*Id.* at ¶ 12). CSXIT operates intermodal container transfer terminals – such as its 59th Street Yard, the location of the alleged occurrence – that transfers intermodal containers between railcars, ground storage, and truck chassis. (*Id.* at ¶ 14). In performing services under the Agreement, neither PRS nor Plaintiff provided railroad operation services for CSXT. (*Id.* at 4). Courts have held that terminal transfer entities like CSXIT, are not common carrier railroads for purposes of the FELA. *See e.g., Brankin v. CSX Transportation, Inc. and CSX Intermodal, Inc.*, 1996 WL 627625, at *3 (N.D. Ill.

Oct. 28, 1996); *Griffin v. CSX Transportation, Inc.*, 1996 WL 535085, at *2, (N.D. Ill. Sept. 11, 1996); *Williams v. CSX Transp., Inc.*, 2002 WL 31618455, at *3 (E.D. Penn. Nov. 15, 2002).

20. Moreover, CSXT did not exercise control over Plaintiff or PRS's operations at CSXIT's 59th Street Terminal. CSXT did not control, or have the right to control, Plaintiff's or PRS's day-to-day activities or their actions at the time of the accident. (*See* Exhibit D, ¶¶ 5-9; *see also* Exhibit C, §15). CSXT did not own or provide the equipment used by Plaintiff or PRS in their day-to-day activities or on the date of the occurrence. (*See* Exhibit D, ¶16 *see also* Exhibit C, §6.3). CSXT did not have personnel at CSXIT's 59th Street Terminal providing a significant supervisory role over the means and manner of Plaintiff's (or any other PRS employee's) job performance. (*See* Exhibit D, ¶¶ 5-8; *see also* Exhibit C, §6.3, Appendix B-1 §L.). CSXT did not have the authority to discharge Plaintiff or any other PRS employee. (*See* Exhibit D, ¶ 8; *see also* Exhibit D §15, Appendix C §3). CSXT did not have the authority to approve or disapprove any proposed subcontractors by PRS. (*See* Exhibit D, ¶9 *see also* Exhibit C, §13).

21. Plaintiff's allegations that he was an employee of CSXT, or any FELA common carrier, are simply without basis in fact or law, and there is no chance of success on his FELA claim. Thus, Plaintiff's FELA claim is fraudulently joined and does not preclude removal of Plaintiff's Complaint to this Court.

## NOTICE TO PLAINTIFF AND STATE COURT

22. Attached hereto as Exhibit E is the Notice of Filing Notice of Removal being filed contemporaneously with the Clerk of the Circuit Court of Cook County.

WHEREFORE, Defendant, CSX Transportation, Inc. hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

CSX TRANSPORTATION, INC.

By: /s/ Tyler E. Roland
     Daniel J. Mohan
     Robert J. Prendergast
     Tyler E. Roland
     DALEY MOHAN GROBLE, P.C.
     55 West Monroe Street, Suite 1600
     Chicago, Illinois 60603
     (312) 422-9999
     mohan@daleymohan.com
     rprendergast@daleymohan.com
     troland@daleymohan.com

## **CERTIFICATE OF SERVICE**

I, Tyler E. Roland, hereby certify that on September 23, 2022, I caused the foregoing **NOTICE OF REMOVAL** to be served on the following counsel of record via email delivery and the Court's e-filing system:

*Plaintiff's Counsel*

Dennis Lynch
Parente & Norem, P.C.
221 N. LaSalle Street, Ste. 1750
Chicago, IL 60601
(312) 641-5926
dl@pninjurylaw.com

/s/ Tyler E. Roland
Tyler E. Roland