**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/25/2022
CT Log Number 542192051

## Service of Process Transmittal Summary

**TO:**   Csx Legal Papers
CSX CORPORATION
500 WATER ST # J150
JACKSONVILLE, FL 32202-4423

**RE:**   **Process Served in Illinois**

**FOR:**   CSX Transportation, Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WILFRED J. PRATT vs. CSX TRANSPORTATION COMPANY<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons(es), Proof(s), Cover Sheet, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court, IL<br>Case # 2022L007471 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/25/2022 at 04:01 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after you have been served (not counting the day of service) |
| **ATTORNEY(S)/SENDER(S):** | Dennis M. Lynch<br>PARENTE & NOREM, P.C.<br>221 N. LaSalle Street- Suite 1750<br>Chicago, IL 60601<br>312-641-5926 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/25/2022, Expected Purge Date: 08/30/2022<br><br>Image SOP<br><br>Email Notification,  Csx Legal Papers  legalpapersintake@csx.com<br><br>Email Notification,  Lisa Balter  lisa_balter@csx.com<br><br>Email Notification,  Suzanne Short  suzanne_short@csx.com<br><br>Email Notification,  Tana Copeland  tana_copeland@csx.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

**EXHIBIT**

**A**

exhibitsticker.com



**CT Corporation**
**Service of Process Notification**
08/25/2022
CT Log Number 542192051

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Thu, Aug 25, 2022
**Server Name:**                       Sheriff Drop

| Entity Served | CSX TRANSPORTATION INC |
|---|---|
| Case Number | 2022L007471 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



| | | |
|---|---|---|
| **CIRCUIT COURT** | **SUMMONS** | * 5 0 2 0 1 1 0 1 * |

| | | |
|---|---|---|
| Cook ☑ **COUNTY** | | **FILED**<br>8/18/2022 4:27 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2022L007471<br>Calendar, D<br>19148248 |

| | |
|---|---|
| **Instructions ▼** | |
| Enter above the county name where the case was filed. | WILFRED J. PRATT<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>CSX TRANSPORTATION COMPANY<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**Case Number**

**2022L007471**

| | |
|---|---|
| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1. Defendant/Respondent's address and service information:**<br><br>  a.  Defendant/Respondent's primary address/information for service:<br>   Name *(First, Middle, Last)*:  CSX Transportation, Inc.<br>   Registered Agent's name, if any:  c/o CT Corporation System<br>   Street Address, Unit #:  208 S. LaSalle Street, Suite 814<br>   City, State, ZIP:  Chicago, IL 60604<br>   Telephone: _____  Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b.  If you have more than one address where Defendant/Respondent might be found, list that here:<br>   Name *(First, Middle, Last)*: _____<br>   Street Address, Unit #: _____<br>   City, State, ZIP: _____<br>   Telephone: _____  Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c.  Method of service on Defendant/Respondent:<br>   ☐ Sheriff   ☐ Sheriff outside Illinois: _____<br>                      *County & State*<br>   ☐ Special process server   ☐ Licensed private detective |

Enter the Case Number of the Circuit Clerk

| | |
|---|---|
| In 2, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed:  $ 50,000.00 |

\* 5 0 2 0 1 1 0 1 \*

**3.** **Contact information for the Plaintiff/Petitioner:**

<table>
<tr><td valign="top">In 3, enter your complete address, telephone number, and email address, if you have one.</td><td>
Name <i>(First, Middle, Last)</i>:  Dennis M. Lynch - PARENTE & NOREM, P.C.<br>
Street Address, Unit #:  221 North LaSalle Street, Suite 1750<br>
City, State, ZIP:  Chicago, IL 60601<br>
Telephone:  3126415926        Email:  dl@pninjurylaw.com
</td></tr>
</table>

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

<table>
<tr><td valign="top"><b>Important information for the person getting this form</b></td><td>
You have been sued. Read all of the documents attached to this <i>Summons</i>.<br>
To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. <i>Appearance</i> and <i>Answer/Response</i> forms can be found at: <u>illinoiscourts.gov/documents-and-forms/approved-forms/</u>.
</td></tr>
</table>

**4.** **Instructions for person receiving this *Summons* (Defendant):**

<table>
<tr><td valign="top">Check 4a or 4b. If Defendant/Respondent only needs to file an <i>Appearance</i> and <i>Answer/Response</i> within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b.</td><td>
☑  a.   To respond to this <i>Summons,</i> you must file <i>Appearance</i> and <i>Answer/Response</i> forms with the court within 30 days after you have been served (<i>not counting the day of service</i>) by e-filing or at:<br>
Address:   Richard J. Daley Center, 50 W. Washington Street, Room 801<br>
City, State, ZIP:  Chicago, IL 60602
</td></tr>
<tr><td valign="top">In 4a, fill out the address of the court building where the Defendant may file or e-file their <i>Appearance</i> and <i>Answer/ Response.</i></td><td>
☐  b.   Attend court:<br>
On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>
   <i>Date</i>        <i>Time</i>              <i>Courtroom</i><br>
<b>In-person at:</b><br>
_____<br>
<i>Courthouse Address        City              State       ZIP</i><br>
OR
</td></tr>
<tr><td valign="top">In 4b, fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk.</td><td>
<b>Remotely</b> (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>
By telephone: _____<br>
      <i>Call-in number for telephone remote appearance</i><br>
By video conference: _____<br>
      <i>Video conference website</i><br>
_____<br>
<i>Video conference log-in information (meeting ID, password, etc.)</i><br>
Call the Circuit Clerk at: _____ or visit their website<br>
      <i>Circuit Clerk's phone number</i><br>
at: _____ to find out more about how to do this.<br>
   <i>Website</i>
</td></tr>
</table>

8/18/2022 4:27 PM IRIS Y. MARTINEZ

<table>
<tr><td valign="top"><b>STOP!</b><br>The Circuit Clerk will fill in this section.</td><td>
<b>Witness this Date:</b> <br><br>
<b>Clerk of the Court:</b>
</td><td valign="top"><i>Seal of Court</i></td></tr>
<tr><td valign="top"><b>STOP!</b><br>The officer or process server will fill in the Date of Service.</td><td>
This <i>Summons</i> must be served within 30 days of the witness date.<br><br>
Date of Service: _____<br>
<i>(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)</i>
</td></tr>
</table>

Case: 1:22-cv-03209 Document #: 1 Filed: 06/20/22 Page 6 of 26 PageID #:

| | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT** <br><br> Cook ☑ **COUNTY** | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* <br> `* 5 0 2 0 1 1 0 1 *` |

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | **WILFRED J. PRATT** _____ <br> **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. <br><br> **CSX TRANSPORTATION COMPANY** _____ <br> **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

_____
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
     *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

  ☐  Personally on the Defendant/Respondent:
      Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
      Address, Unit#: _____
      City, State, ZIP: _____

  ☐  On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
      member or lives there:
      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
      Address, Unit#: _____
      City, State, ZIP: _____
      And left it with: _____
                 *First, Middle, Last*
      Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
      and by sending a copy to this defendant in a postage-paid, sealed envelope to the
      above address on _____ , 20 _____ .

  ☐  On the Corporation's agent, _____
                     *First, Middle, Last*
      Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____
      On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
      Address: _____
      City, State, ZIP: _____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

`* 5 0 2 0 1 1 0 1 *`

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |
|---|---|

**By:**                          **FEES**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*Signature by:*   ☐ Sheriff
              ☐ Sheriff outside Illinois:

_____
          *County and State*
              ☐ Special process server
              ☐ Licensed private detective

Service and Return:   $ _____
Miles _____     $ _____
Total                 $ 0.00

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

| CIRCUIT COURT | | |
|---|---|---|
| Cook ☑ **COUNTY** | **SUMMONS** | FILED 8/18/2022 4:27 PM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2022L007471 Calendar, D 19148248 |

`* 5 0 2 0 1 1 0 1 *`

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | **WILFRED J. PRATT** <br> **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | **CSX TRANSPORTATION COMPANY** <br> **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**Case Number**

**2022L007471**

| | |
|---|---|
| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/. <br><br> E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org. <br><br> Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help. <br><br> If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1. Defendant/Respondent's address and service information:** <br><br> a. Defendant/Respondent's primary address/information for service: <br> Name *(First, Middle, Last)*:  CSX Transportation, Inc. <br> Registered Agent's name, if any:  c/o CT Corporation System <br> Street Address, Unit #:  208 S. LaSalle Street, Suite 814 <br> City, State, ZIP:  Chicago, IL 60604 <br> Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: <br> Name *(First, Middle, Last)*: _____ <br> Street Address, Unit #: _____ <br> City, State, ZIP: _____ <br> Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent: <br> ☐ Sheriff      ☐ Sheriff outside Illinois: _____ <br> *County & State* <br> ☐ Special process server      ☐ Licensed private detective |

| | |
|---|---|
| In 2, enter the amount of money owed to you. | |

**2. Information about the lawsuit:**

Amount claimed:  $ 50,000.00

`* 5 0 2 0 1 1 0 1 *`

| |
|---|
| In 3, enter your complete address, telephone number, and email address, if you have one. |

**3. Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:  Dennis M. Lynch - PARENTE & NOREM, P.C.

Street Address, Unit #:  221 North LaSalle Street, Suite 1750

City, State, ZIP:  Chicago, IL 60601

Telephone:  3126415926         Email:  dl@pninjurylaw.com

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| Important information for the person getting this form | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

**4. Instructions for person receiving this *Summons* (Defendant):**

| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box 4a. Otherwise, if the clerk gives you a court date, check box 4b. | ☑ a. | To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address:  Richard J. Daley Center, 50 W. Washington Street, Room 801<br>City, State, ZIP:  Chicago, IL 60602 |
|---|---|---|

| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. | Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>     *Date*           *Time*                  *Courtroom*<br>**In-person at:** |
|---|---|---|

| In 4b, fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____ _____ _____ ____<br>*Courthouse Address*   *City*    *State*  *ZIP*<br>**OR**<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>    By telephone: _____<br>                *Call-in number for telephone remote appearance*<br>    By video conference: _____<br>                      *Video conference website*<br>    _____<br>    *Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>               *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>   *Website* |
|---|---|

8/18/2022 4:27 PM IRIS Y. MARTINEZ

| STOP!<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____      *Seal of Court* |
|---|---|
| | **Clerk of the Court:** _____ |
| STOP!<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

SU-S 1503.2                    Page 2 of 4                    (06/21)

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only<br>* 5 0 2 0 1 1 0 1 * |
|---|---|---|

Cook ☒ COUNTY

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | WILFRED J. PRATT<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>CSX TRANSPORTATION COMPANY<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
       *First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

  ☐ Personally on the Defendant/Respondent:
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____

  ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
    member or lives there:
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____
    And left it with: _____
                  *First, Middle, Last*
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    and by sending a copy to this defendant in a postage-paid, sealed envelope to the
    above address on _____ , 20 _____ .

  ☐ On the Corporation's agent, _____
                              *First, Middle, Last*
    Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____

Case: 1:22-cv-05208 Document #: 1-1 Filed: 09/23/22 Page 11 of 26 PageID #:...

Enter the Case Number Given by the Circuit Clerk

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:** _____

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

*Signature by:*
☐ Sheriff
☐ Sheriff outside Illinois:

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Civil Action Cover Sheet — Case Initiation          (12/01/20) CCL 0520

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

WILFRED J. PRATT

v.

CSX TRANSPORTATION COMPANY

No. _____     2022L007471

FILED
8/18/2022 4:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007471
Calendar, D
19148248

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☑ Yes ☐ No

**(FILE STAMP)**

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
☐ 027 Motor Vehicle
☐ 040 Medical Malpractice
☐ 047 Asbestos
☐ 048 Dram Shop
☐ 049 Product Liability
☐ 051 Construction Injuries
      (including Structural Work Act, Road
      Construction Injuries Act and negligence)
☑ 052 Railroad/FELA
☐ 053 Pediatric Lead Exposure
☐ 061 Other Personal Injury/Wrongful Death
☐ 063 Intentional Tort
☐ 064 Miscellaneous Statutory Action
      (Please Specify Below**)
☐ 065 Premises Liability
☐ 078 Fen-phen/Redux Litigation
☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
☐ 007 Confessions of Judgment
☐ 008 Replevin
☐ 009 Tax
☐ 015 Condemnation
☐ 017 Detinue
☐ 029 Unemployment Compensation
☐ 031 Foreign Transcript
☐ 036 Administrative Review Action
☐ 085 Petition to Register Foreign Judgment
☐ 099 All Other Extraordinary Remedies

**COMMERCIAL LITIGATION**
CASE TYPES:
☐ 002 Breach of Contract
☐ 070 Professional Malpractice
      (other than legal or medical)
☐ 071 Fraud (other than legal or medical)
☐ 072 Consumer Fraud
☐ 073 Breach of Warranty
☐ 074 Statutory Action
      (Please specify below.**)
☐ 075 Other Commercial Litigation
      (Please specify below.**)
☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
☐ 062 Property Damage
☐ 066 Legal Malpractice
☐ 077 Libel/Slander
☐ 079 Petition for Qualified Orders
☐ 084 Petition to Issue Subpoena
☑ 100 Petition for Discovery

** _____

Primary Email: DL@PNINJURYLAW.COM

Secondary Email: OH@PNINJURYLAW.COM

Tertiary Email: _____

By: /S/DENNIS M. LYNCH
    (Attorney)              (Pro Se)

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the **Clerk's Office** for this case at this email address: _____

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
8/18/2022 4:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L007471
Calendar, D

|                                        |     |                    |
| -------------------------------------- | --- | ------------------ |
| WILFRED J. PRATT,                      | )   |                    |
|                                        | )   |                    |
| Plaintiff,                             | )   |                    |
|                                        | )   | No. 2022L007471    |
| v.                                     | )   |                    |
|                                        | )   |                    |
| CSX TRANSPORTATION COMPANY,            | )   |                    |
|                                        | )   |                    |
| Defendant.                             | )   |                    |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, WILFRED J. PRATT, by and through his attorneys, PARENTE & NOREM, P.C., and in support of his Complaint at Law against the Defendant, CSX TRANSPORTATION COMPANY ("CSX"), states as follows:

### COUNT I
### FEDERAL EMPLOYER'S LIABILITY ACT (FELA)

1.     That on August 26, 2021, and at all times mentioned herein, Defendant, CSX, was duly organized as a corporation doing business within the County of Cook, State of Illinois, as an interstate common carrier engaged in the transporting of freight between various states of the United States.

2.     That this action is brought pursuant to the Federal Employer's Liability Act, 46 U.S.C. Sections 51-60.

3.     That on August 26, 2021, and at all times relevant, Plaintiff, WILFRED J. PRATT ("Pratt"), was a resident of Illinois.

4.     That at all times relevant herein, all of the duties of Plaintiff, Pratt, were performed in furtherance of interstate commerce by Defendant, or in some way directly or substantially affected said commerce.

1



5.      That on August 26, 2021, Plaintiff, Pratt, although technically employed by PACRAIL SERVICES ("PACRAIL"), was an "employee" of Defendant, CSX, for the purposes of the aforesaid Federal Employer's Liability Act, at Defendant's terminal at or near 2107 W. 59th Street, Chicago, IL, as demonstrated by one or more of the following:

    a.    PACRAIL was a servant of CSX, and therefore Plaintiff was a sub-servant of Defendant;

    b.    2107 W. 59th Street, Chicago, IL, is owned, leased, or otherwise controlled and operated by Defendant;

    c.    All intermodal trailers located within the yard depart on trains which are scheduled, owned, controlled, and/or operated by Defendant;

    d.    PACRAIL only performed services, such as moving intermodal trailers, for Defendant;

    e.    Defendant's terminal manager is responsible for ensuring that PACRAIL and its employees move intermodal trailers within the yard area within a reasonable length of time in order to fulfill Defendant's contractual duty to move this freight in interstate commerce;

    f.    The employees of Defendant exercised direct control or had the right to exercise direct control over Plaintiff in his work;

    g.    Defendant, through its agents, employees, supervisors, dispatchers, and managers, exercised direct control or had the right to exercise direct control over Plaintiff in his work at the yard;

    h.    Defendant direct the means and methods of how intermodal trailers are transported throughout the yard.

    i.    Defendant, through its agents, employees, supervisors, dispatchers, and managers, exercised direct control or directly supervised PACRAIL's work activities at the yard;

    j.    Plaintiff was required to follow direct orders issued by Defendant's supervisory personnel at the yard on the day he was injured;

    k.    The vehicles, semi-tractors, and equipment operated by Plaintiff and other PACRAIL employees at the yard were owned, operated, controlled, and maintained by Defendant;

2

l.     Defendant could discharge a PACRAIL employee and refuse to allow said employees to work in its yard;

m.    Defendant provided necessary tools, equipment and material to Plaintiff; and,

n.    Defendant had the right to approve or disapprove all subcontractors and sub-subcontractors.

6.    That at said time and place it became part of Plaintiff's duty to perform the work of moving intermodal trailers within the yard by use of a semi-tractor also referred to as a "hostler" or "spotter truck" which was owned by Defendant.

7.    That when Plaintiff attempted to perform his assigned work, Plaintiff was operating a spotter truck owned by Defendant when a temporary co-worker driving a spotter truck owned by Defendant suddenly crashed into Plaintiff's truck, causing his body to violently move inside the vehicle.

8.    That Defendant, CSX, by and through its employees, servants, or agents, at the time and place alleged, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following acts or omissions and thereby caused injury to Plaintiff in violation of the provisions of the Federal Employer's Liability Act:

a.    Did not provide Plaintiff with a reasonably safe place to work;

b.    Did not warn Plaintiff of the dangerous condition of the yard;

c.    Did not provide proper traffic control and direction and otherwise made it unsafe to operate multiple hostlers in the yard;

d.    Carelessly and negligently authorized, directed, controlled, ordered, and supervised the work of Plaintiff and other contractors;

e.    Did not stop the work of Plaintiff's coworkers when they knew or should have known that it was unsafe;

f.    Did not conduct a job briefing when one was clearly required;

3



g. Did not make reasonable inspection of the premises and the work being done thereon, when Defendant knew, or in the exercise of reasonable care should have known, that said inspection was necessary to prevent injury to Plaintiff;

h. Did not conduct reasonable inspection for safety of the vehicles, semi-tractors, and equipment, when Defendant knew, or in the exercise of reasonable care should have known, that said inspection was necessary to prevent injury to Plaintiff;

i. Failed to enforce or follow their own safety rules;

j. Did not properly train and supervise temporary co-workers;

k. Gave improper or ambiguous orders and did not make proper regulations;

l. Employed improper instrumentalities in work involving risk of harm to others;

m. Permitted, or did not prevent, negligent conduct by persons, whether or not its servants or agents, upon the premises and with instrumentalities under its control.

9. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant, Plaintiff then and there sustained severe and permanent injuries both externally and internally of a pecuniary and lasting nature.

10. That as a direct and proximate result of one or more of the foregoing aforesaid negligent acts and/or omissions of Defendant, Plaintiff has incurred and endured and will continue to incur and endure medical bills, lost wages, pain and suffering, disability, loss of a normal life, and disfigurement.

WHEREFORE, the Plaintiff, WILFRED PRATT, asks for judgment in his favor and against the Defendant, CSX Transportation, in an amount in excess of the minimum amount required for jurisdiction of this Court, together with costs, fees, interest, and all other relief this Court deems just and proper.

4



## COUNT II – COMMON LAW AGENCY

1.      That on August 26, 2021, and at all times mentioned herein, Defendant, CSX, was duly organized as a corporation doing business within the County of Cook, State of Illinois, as an interstate common carrier engaged in the transporting of freight between various states of the United States.

2.      That at all times relevant Plaintiff was a resident of Illinois.

3.      That on August 26, 2021, Plaintiff was operating a "hostler" or "spotter" truck in the CSX yard in furtherance of the business of CSX when he was rear-ended by a temporary co-employee operating another "hostler" or "spotter" and also working in furtherance of the business of CSX.

4.      That on August 26, 2021, and at all times relevant, CSX had the right to control, and did control, the means and methods of the work carried about by the hostler drivers in its yard, including but not limited to Plaintiff and the temporary co-worker who rear-ended him, such that CSX is vicariously liable for the negligent acts and/or omissions of said temporary co-worker.

5.      Said control and agency relationship is demonstrated by one or more of the following:

a.      PACRAIL was a servant of CSX, and therefore Plaintiff and other PACRAIL employees or temporary workers were a sub-servant of Defendant;

b.      2107 W. 59th Street, Chicago, IL, is owned, leased, or otherwise controlled and operated by Defendant;

c.      All intermodal trailers located within the yard depart on trains which are scheduled, owned, controlled, and/or operated by Defendant;

d.      PACRAIL only performed services, such as moving intermodal trailers, for Defendant;

5  -

e.  Defendant's terminal manager is responsible for ensuring that PACRAIL and its employees move intermodal trailers within the yard area within a reasonable length of time in order to fulfill Defendant's contractual duty to move this freight in interstate commerce;

f.  The employees of Defendant exercised direct control or had the right to exercise direct control over Plaintiff in his work;

g.  Defendant, through its agents, employees, supervisors, dispatchers, and managers, exercised direct control or had the right to exercise direct control over Plaintiff in his work at the yard;

h.  Defendant direct the means and methods of how intermodal trailers are transported throughout the yard.

i.  Defendant, through its agents, employees, supervisors, dispatchers, and managers, exercised direct control or directly supervised PACRAIL's work activities at the yard;

j.  Plaintiff was required to follow direct orders issued by Defendant's supervisory personnel at the yard on the day he was injured;

k.  The vehicles, semi-tractors, and equipment operated by Plaintiff and other PACRAIL employees at the yard were owned, operated, controlled, and maintained by Defendant;

l.  Defendant could discharge a PACRAIL employee and refuse to allow said employees to work in its yard;

m.  Defendant provided necessary tools, equipment and material to Plaintiff; and,

n.  Defendant had the right to approve or disapprove all subcontractors and sub-subcontractors.

6.  It then and there became and was the duty of the Defendant, CSX, by and through its agents and employees, including but not limited to temporary co-workers employed by PACRAIL, to exercise due care for the safety of Plaintiff.

7.  Notwithstanding the aforesaid duty, Defendant, CSX, by and through its agents and employees, including but not limited to temporary co-workers employed by PACRAIL, breached that duty in one or more of the following careless and negligent ways:



a. Did not keep a proper lookout;

b. Operated the vehicle at a speed greater than was reasonable and proper;

c. Did not reduce speed to avoid a collision; and,

d. Drove the hostler too closely behind the hostler operated by Plaintiff;

8. As a direct and proximate result of one or more of the aforesaid carless and negligent acts, the hostler operated by a temporary co-worker collided with the hostler operated by Plaintiff.

9. At the time the two hostlers collided, the hostler operated by Plaintiff was at a complete stop.

10. As a direct and proximate result of the collision, Plaintiff then and there sustained severe and permanent injuries both externally and internally of a pecuniary and lasting nature.

11. That as a direct and proximate result of one or more of the foregoing aforesaid negligent acts and/or omissions of Defendant, Plaintiff has incurred and endured and will continue to incur and endure medical bills, lost wages, pain and suffering, disability, loss of a normal life, and disfigurement.

WHEREFORE, the Plaintiff, WILFRED PRATT, asks for judgment in his favor and against the Defendant, CSX Transportation, in an amount in excess of the minimum amount required for jurisdiction of this Court, together with costs, fees, interest, and all other relief this Court deems just and proper.

7



## COUNT III- PREMISES LIABILITY

1.      That on August 26, 2021, and at all times mentioned herein, Defendant, CSX, was duly organized as a corporation doing business within the County of Cook, State of Illinois, as an interstate common carrier engaged in the transporting of freight between various states of the United States.

2.      That at all times relevant Plaintiff was a resident of Illinois.

3.      That on August 26, 2021, Plaintiff was operating a "hostler" or "spotter" truck in the CSX yard in furtherance of the business of CSX when he was rear-ended by a temporary co-employee operating another "hostler" or "spotter" and also working in furtherance of the business of CSX.

4.      That on August 26, 2021, Defendant CSX owned, possessed, operated, managed, and controlled a certain property at 2107 W. 59th Street, Chicago, Illinois.

5.      That Defendant, CSX, was under a duty, pursuant to Section 343 of the Restatement of Torts (2d) (1965) as adopted by the Illinois Courts, to use ordinary and reasonable care to identify any potentially hazardous conditions on the premises and correct them.

6.      That notwithstanding the above-stated duties, Defendant, CSX, was guilty of one or more of the following careless or negligent acts or omissions in breach of its duty:

     a.      Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew, or in the exercise of reasonable care should have known that said inspection was necessary to prevent injury to Plaintiff;

     b.      Maintained the aforementioned premises in a condition which caused or contributed to unsafe working conditions on the property;

     c.      Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully upon said premises;

8



* 1 0 1 1 0 2 0 5 *

    d.    Allowed generally dangerous work conditions to be present when Defendant knew, or through the exercise of reasonable care should have known, that said conditions would expose workers such as Plaintiff to unreasonable hazards while performing their work;

    e.    Did not provide proper traffic control and direction and otherwise made it unsafe to operate multiple hostlers in the yard;

    f.    Did not adequately supervise the work being done on the aforementioned premises;

    g.    Did not provide Plaintiff with a safe place to work;

    h.    Did not conduct a job briefing when one was clearly required;

    i.    Did not enforce or follow their own safety rules.

    7.    That as a direct and proximate result of the aforesaid negligent acts and/or omissions of Defendant, Plaintiff then and there sustained severe and permanent injuries both externally and internally of a pecuniary and lasting nature.

    8.    That as a direct and proximate result of one or more of the foregoing aforesaid negligent acts and/or omissions of Defendant, Plaintiff has incurred and endured and will continue to incur and endure medical bills, lost wages, pain and suffering, disability, loss of a normal life, and disfigurement.

    WHEREFORE, the Plaintiff, WILFRED PRATT, asks for judgment in his favor and against the Defendant, CSX Transportation, in an amount in excess of the minimum amount required for jurisdiction of this Court, together with costs, fees, interest, and all other relief this Court deems just and proper.

9



## COUNT IV.
## DIRECT NEGLIGENCE

1.      That on August 26, 2021, and at all times mentioned herein, Defendant, CSX, was duly organized as a corporation doing business within the County of Cook, State of Illinois, as an interstate common carrier engaged in the transporting of freight between various states of the United States.

2.      That at all times relevant Plaintiff was a resident of Illinois.

3.      That on August 26, 2021, Plaintiff was operating a "hostler" or "spotter" truck in the CSX yard in furtherance of the business of CSX when he was rear-ended by a temporary co-employee operating another "hostler" or "spotter" and also working in furtherance of the business of CSX.

4.      That on August 26, 2021, Defendant CSX owned, possessed, operated, managed, and controlled a certain property at 2107 W. 59th Street, Chicago, Illinois.

5.      That Defendant, CSX, was under a duty, pursuant to Section 343 of the Restatement of Torts (2d) (1965) as adopted by the Illinois Courts, to use ordinary and reasonable care to identify any potentially hazardous conditions on the premises and correct them.

6.      That notwithstanding the above-stated duties, Defendant, CSX, was guilty of one or more of the following careless or negligent acts or omissions in breach of its duty:

    a.      Failed to make a reasonable inspection of the premises and the work being done thereon, when Defendant knew, or in the exercise of reasonable care should have known that said inspection was necessary to prevent injury to Plaintiff;

    b.      Maintained the aforementioned premises in a condition which caused or contributed to unsafe working conditions on the property;

    c.      Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully upon said premises;

10

d. Allowed generally dangerous work conditions to be present when Defendant knew, or through the exercise of reasonable care should have known, that said conditions would expose workers such as Plaintiff to unreasonable hazards while performing their work;

e. Did not provide proper traffic control and direction and otherwise made it unsafe to operate multiple hostlers in the yard;

f. Did not adequately supervise the work being done on the aforementioned premises;

g. Did not provide Plaintiff with a safe place to work;

h. Did not conduct a job briefing when one was clearly required;

i. Did not enforce or follow their own safety rules;

j. Did not properly train and supervise temporary co-workers;

k. Gave improper or ambiguous orders and did not make proper regulations;

l. Employed improper instrumentalities in work involving risk of harm to others; and,

m. Permitted, or did not prevent, negligent conduct by persons, whether or not its servants or agents, upon the premises and with instrumentalities under its control.

7. That as a direct and proximate result of the aforesaid negligent acts and/or omissions of Defendant, Plaintiff then and there sustained severe and permanent injuries both externally and internally of a pecuniary and lasting nature.

8. That as a direct and proximate result of one or more of the foregoing aforesaid negligent acts and/or omissions of Defendant, Plaintiff has incurred and endured and will continue to incur and endure medical bills, lost wages, pain and suffering, disability, loss of a normal life, and disfigurement.

WHEREFORE, the Plaintiff, WILFRED PRATT, asks for judgment in his favor and against the Defendant, CSX Transportation, in an amount in excess of the minimum amount required for jurisdiction of this Court, together with costs, fees, interest, and all other relief this Court deems just and proper.

11



## COUNT IV-RETAINED CONTROL - RESTATEMENT §414

1.    That on August 26, 2021, and at all times mentioned herein, Defendant, CSX, was duly organized as a corporation doing business within the County of Cook, State of Illinois, as an interstate common carrier engaged in the transporting of freight between various states of the United States.

2.    That at all times relevant Plaintiff was a resident of Illinois.

3.    That on August 26, 2021, Plaintiff was operating a "hostler" or "spotter" truck in the CSX yard in furtherance of the business of CSX when he was rear-ended by a temporary co-employee operating another "hostler" or "spotter" and also working in furtherance of the business of CSX.

4.    That on or about the above date, Defendant, CSX, through its owners, agents, servants, employees, and/or subcontractors was present during the course of the work at the aforesaid location, and Defendant participated in coordinating the work being done, designated various work methods, maintained and checked work progress, actually engaged and partook in the ongoing work, and participated in the scheduling of the work, location of the work, and inspection of the work. In addition thereto, at that time and place, Defendant had the authority to stop the work, refuse the work, and order changes in the work in the event the work was being performed in a dangerous manner or for any other reason.

5.    That Defendant participated in and controlled safety at the yard.

6.    That at the aforesaid time and place, and prior thereto, Defendant failed to provide Plaintiff with appropriate equipment to perform his work in a safe manner or, alternatively, failed to operate a safe jobsite, failed to order stoppage of work being undertaken with equipment and facilities inadequate for the performance of work in a safe manner and under unsafe conditions.

12



7.      That Defendant was under a duty to engage in its ongoing work activities in an ordinary and reasonable fashion and further under a duty to be free from negligence.

8.      That Defendant was under a duty to provide Plaintiff with a safe place to work, and under a duty to require compliance by all subcontractors on the job site with OSHA safety standards and other customary safe work practices and rules.

9.      That Defendant further had a duty, under Section 414 of the Restatement of Torts (2d) (1965) as adopted by the Illinois Courts adopt, to exercise its control over all contractors and subcontractors on the job site with reasonable care.

10.     That notwithstanding the above-stated duties, Defendant was guilty of one or more of the following careless or negligent acts or omissions:

a.      Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully upon said premises;

b.      Failed to provide adequate safeguards to prevent Plaintiff from injury while lawfully upon said premises when Defendant knew the work being undertaken by Plaintiff required use of vehicles, semi-tractors, and equipment owned and maintained by Defendant;

c.      Allowed generally dangerous work conditions to be present when Defendant knew, or through the exercise of reasonable care should have known, that said conditions would expose workers such as Plaintiff to unreasonable hazards while performing their work;

d.      Allowed workers to move intermodal trailers in the transportation yard in an unsafe manner;

e.      Allowed workers to operate vehicles, semi-tractors, and equipment owned and maintained by Defendant on said premises in an unsafe manner;

f.      Failed to adequately supervise the work being done on the aforementioned premises;

g.      Failed to provide proper traffic control and direction and otherwise made it unsafe to operate multiple hostlers in the yard

13

h.    Failed to provide Plaintiff with a safe place to work;

i.    Failed/did not conduct a job briefing when one was clearly required;

j.    Failed to enforce or follow their own safety rules.

10.    That a as a direct and proximate result of the aforesaid negligent acts and/or omissions of Defendant, Plaintiff then and there sustained severe and permanent injuries both externally and internally of a pecuniary and lasting nature.

11.    That as a direct and proximate result of one or more of the foregoing aforesaid negligent acts and/or omissions of Defendant, Plaintiff has incurred and endured and will continue to incur and endure medical bills, lost wages, pain and suffering, disability, loss of a normal life, and disfigurement.

WHEREFORE, the Plaintiff, WILFRED PRATT, asks for judgment in his favor and against the Defendant, CSX Transportation, in an amount in excess of the minimum amount required for jurisdiction of this Court, together with costs, fees, interest, and all other relief this Court deems just and proper.

***Plaintiff demands trial by jury***

Respectfully Submitted,

PARENTE & NOREM, P.C.

By:/s/ Dennis M. Lynch
        Dennis M. Lynch

Dennis M. Lynch
PARENTE & NOREM, P.C.
221 N. LaSalle Street- Suite 1750
Chicago, IL 60601
(312) 641-5926
(312) 641-5929 – Facsimile
IL ARDC# 6293267
Firm I.D. # 31556
DL@pninjurylaw.com

14